ANALEE MOORE MACQUEEN v. G. E. MACQUEEN

188 So. 213.
Division B.
Opinion Filed April 18, 1939.
Rehearing Denied May 4, 1939.

*Milam, McIlvaine & Milam* and *J. Velma Keen,* for Appellant;

*Latham & Elmore,* for Appellee.

PER CURIAM.—This case is here for the second time. See MacQueen v. MacQueen, 131 Fla. 448, 179 So. 725. In the former appeal to this Court it was shown that Giles Mac-Queen was ordered to pay his wife, Analee Moore Mac-Queen, the sum of One Hundred Dollars per month for her separate maintenance and support, beginning with the month of June, 1933, and to continue each month thereafter until a further order of the court. The Circuit Court of Jefferson County, Alabama, retained jurisdiction of the cause as should from time to time become necessary because of changed conditions of the parties. The decree was dated June 22, 1933.

On May 10, 1937, Giles E. MacQueen filed a bill of complaint in the Circuit Court of Duval County, Florida, praying for (a) a divorce *a vinculo matrimonii;* (b) for a modification of the support and maintenance order dated June 22nd, 1933, entered by the Circuit Court of Jefferson County, Alabama. On April 23, 1938, Analee Moore Mac-Queen filed in the Circuit Court of Duval County, Florida, her petition for allowance of suit money and counsel fees. An answer was filed by the defendant and the court heard evidence offered in support of the petition and then made and entered an order denying the application for suit money and counsel fees, and an appeal has been perfected from said order to this Court and the same is assigned as error.

Mrs. Analee Moore MacQueen married the defendant during the year 1927. She was a widow at the time and had two sons. She and the defendant lived together until 1932,

and the defendant paid her the sum of $100.00 per month for support and maintenance from June, 1933 until June, 1937, and the total amount paid was the sum of $3600.00. The testimony here is that the petitioner is 47 years of age and in good health and had inherited from her father's estate the sum of $10,000.00, and at the time of the hearing had $4,000.00 of this amount left. She was making her home at the Molton Hotel, one of the best hotels in the City of Birmingham, Alabama, and was paying as room rent the sum of $45.00 per month, but did not know what her meals and clothing would cost; she formerly had a position at a fraternity house for three school terms with Birmingham-Southern and earned her room and board; she had two sons, each above 21 years of age, and her inheritance was rapidly being spent in supporting herself and sons; that their father and her former husband now lives at Lakeland, Florida. She obtained writs of garnishment and had same served on the company in the State of Wisconsin where her husband was working and collected something over $100.00 as support and maintenance.

The petitioner here is a healthy, able-bodied woman 47 years of age and earned her board and room rent at a fraternity house near Birmingham, and in addition thereto had $4,000.00 in available money and paid counsel in this case $200.00 as fees. While money coming to her from her husband through the decree dated June 22, 1933, entered by the Circuit Court of Jefferson County, Alabama, could and no doubt would be used by her in giving financial aid or assistance to her two sons, each above 21 years of age by a former husband now living in the City of Lakeland, Florida, we know of no rule of law requiring such to be done. She lived with her husband five years and no children were born to the marriage and it appears on the record here that she is self-supporting.

The order appealed from is affirmed.   It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS, not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.